IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DWIGHT HENRY CAVANESS,           §
                                 §
        Plaintiff,               §
                                 §
V.                               §        No. 3:25-cv-3197-E-BN
                                 §
160TH JUDICIAL DISTRICT          §
COURT, ET AL.,                   §
                                 §
        Defendants.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dwight Henry Cavaness filed a *pro se* complaint under the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692(g) ("FDCPA") against Defendants 160th
Judicial District Court, Jenkins Court Receiver, Robert Jenkins, Darren Bender,
Capital One NA, and Discover Bank. *See* Dkt. No. 3.

United States District Judge Ada Brown referred this lawsuit to the
undersigned United States magistrate judge for pretrial management under 28
U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 1.

Cavaness paid the statutory filing fee and, by doing so, undertook the
obligation to (1) properly serve each defendant with a summons and the complaint in
compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service
from each defendant. *See* FED. R. CIV. P. 4(j) (setting forth procedures for serving state
and local governments); FED. R. CIV. P. 4(e) (setting forth procedures for serving
individuals); *see also* FED. R. CIV. P. 4(d) (procedures for requesting that certain non-

governmental defendants waive service); *but see Moore v. Hosemann*, 591 F.3d 741, 746-47 (5th Cir. 2009) (state official sued in official capacity not subject to "mandatory waiver obligations" of Rule 4(d)).

On December 4, 2025, the Court issued an order informing Cavaness of his obligation to effect service and that, under the Federal Rules of Civil Procedure, his deadline to effect service and to file proof of service in accordance with Federal Rule of Civil Procedure 4(*l*) or an executed waiver of service was February 18, 2026. *See* Dkt. No. 5; FED. R. CIV. P. 4(m)

Cavaness filed a document that he purported was proof of service. *See* Dkt. No. 6. The document states that Cavaness served the "following notices" to the 160th Judicial District Court via certified mail; to Jenkins Court Receiver and Robert Jenkins (collectively, "Jenkins") via email; and to Capital One and Discover Bank via email. *Id.* at 1. Copies of the "notices" themselves were not included.

The Clerk of the Court then issued summonses for all Defendants. *See* Dkt. No. 7. Cavaness has not filed proof that those summonses were executed or that service was waived.

Jenkins, Bender, and the 160th Judicial District Court have moved to dismiss the complaint. *See* Dkt. Nos. 17, 20, & 22. But Capital One and Discover Bank have not yet appeared in this lawsuit.

For the reasons and to the extent set out below, the undersigned recommends that the Court dismiss the claims against Capital One and Discovery Bank without

-2-

prejudice under Federal Rule of Civil Procedure 4(m).

## Legal Standards and Analysis

Federal Rule of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012).

While "[a] *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)," *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)), "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules," *id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

That is, "a litigant's *pro se* status does not excuse failure to effect proper service," *Zellmar v. Ricks*, No. 6:17-cv-386, 2021 WL 805154, at *2 (E.D. Tex. Feb. 2, 2021) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)), *rec. adopted*, 2021 WL 796133 (E.D. Tex. Mar. 2, 2021), as "[t]he party effecting service has the burden of showing the validity of service," *Walker v. Forte*, No. 5:19-cv-158, 2021 WL 6930957, at *1 (E.D. Tex. Nov. 9, 2021) (citing *Sys. Signs Supplies*, 903 F.2d at 1013; *Matter of Arbitration Between Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 298 (S.D. Tex. 1997), *op. adopted*,

161 F.3d 314 (5th Cir. 1998)), *rec. adopted*, 2022 WL 468031 (E.D. Tex. Feb. 15, 2022); *see also Savage v. Reliance Mortg. Corp.*, No. 6:17-cv-53-RP-JCM, 2018 WL 4702535, at *3 (W.D. Tex. June 7, 2018) ("[T]he right of self-representation does not exempt a party from compliance with the relevant rules of civil procedure." (citing *Kersh*, 851 F.2d at 1512)), *rec. adopted*, 2018 WL 4688785 (W.D. Tex. Aug. 27, 2018).

And "Rule 4 requires only that the court notify a claimant that dismissal is impending for lack of timely service." *Roberts v. U.S. Dep't of Army*, 275 F.3d 42, 2001 WL 1223674, at *1 (5th Cir. Sept. 26, 2001) (per curiam) (citing FED. R. CIV. P. 4(m)). The court need not also guide a plaintiff "on how to effect proper service." *Id.*

Here, the Court provided Cavaness notice and directed him to the provisions of Rule 4. *See* Dkt. No. 5. Yet, Cavaness failed to effect proper service in the time allowed by the relevant rules and set out in the Court's order.

Rule 4(c) requires a plaintiff to serve a copy of the complaint and a summons on defendants through a non-party. FED. R. CIV. P. 4(c).

But Cavaness's certificate of service suggests that he personally served the Defendants, through either email or certified mail. *See* Dkt. No. 7.

However the documents were purportedly served, Cavaness did not file proof of service by server's affidavit as required under Rule 4(*l*). *See* FED. R. CIV. P. 4(*l*); *see also* FED. R. CIV. P. 4(c)(2) (requiring service by person who is not a party).

And, as to the method of service, "[s]ervice by mail is not expressly permitted by Federal Rule of Civil Procedure 4." *Caceres-Mejia v. Watson*, 718 F. App'x 307, 309

(5th Cir. 2018) (per curiam); *see Gilliam v. Cnty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) (per curiam) (noting that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))). Similarly, electronic service via email is not expressly permitted by Rule 4. *See* FED. R. CIV. P. 4(e); FED. R. CIV. P.4(j).

Still, "an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Caceres-Mejia*, 718 F. App'x at 309 (quoting FED. R. CIV. P. 4(e)(1)); *see* FED. R. CIV. P. 4(j)(2)(B) (providing for service of state governments "in the manner prescribed by that state's law for serving a summons or like process on such a defendant").

And Texas law does contemplate the use of mail – more specifically, Texas law provides for service by registered or certified mail, with return receipt requested. *See* TEX. R. CIV. P. 106(a) ("Unless the citation or court order otherwise directs, the citation must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition."). Texas law only allows service through other methods, including email, by court order upon a motion with a sworn statement showing that service was attempted through the authorized methods but was unsuccessful. *See* TEX. R. CIV. P. 106(b); *see also VeroBlue Farms USA, Inc. v. Wulf*, No. 3:19-cv-764-X, 2020 WL 2132677, at *1-*2 (N.D. Tex. May 5, 2020) (permitting plaintiff to serve defendant via

-5-

email after plaintiff moved for substitute service and showed that service through a process server had been attempted and was unsuccessful).

And, as to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell,* No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting TEX. R. CIV. P. 103; emphasis provided by *Blanton-Bey*); *see also Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." (citations omitted)).

Texas law also requires that particular information be included in the return of service, such as the address served and the date of service or attempted service, *see* TEX. R. CIV. P. 107(b), and "when certified mail has been selected as the method of service, Texas law further requires that the return receipt be signed by the addressee," *Lucky*, 2013 WL 3054032, at *3 (citing TEX. R. CIV. P. 107(c); *Keeton v. Carrasco,* 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001, pet. denied)).

In sum, the documents filed by Cavaness – providing vague information indicating that notices were sent to Defendants by Cavaness himself through certified

mail and email – show that he failed to properly effect service under either the Federal Rules of Civil Procedure or Texas law.

And, so, the Court should dismiss this lawsuit without prejudice under Rule 4(m).

But, affording some leniency, given his *pro se* status, the time to file objections to this recommendation (explained below) provides Cavaness the opportunity to show, in writing, both (1) good cause for the failure to timely and properly effect service and (2) good cause for the Court to extend the time for service.

## Recommendation

The Court should dismiss without prejudice Plaintiff Dwight Henry Cavaness's claims against Defendants Capital One NA and Discover Bank under Federal Rule of Civil Procedure 4(m) unless Cavaness shows good cause not to do so.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATE: March 24, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE