IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWIGHT HENRY CAVANESS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3197-E-BN |
| | § | |
| 160TH JUDICIAL DISTRICT | § | |
| COURT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dwight Henry Cavaness, proceeding *pro se*, filed this lawsuit on November 20, 2025 against six defendants. *See* Dkt. No. 3.

On February 17, 2026, Defendants Darren Bender and Zwicker & Associates, P.C., (collectively, "Zwicker") moved to dismiss the claims against them for lack of subject-matter jurisdiction. *See* Dkt. No. 17.

On February 20, 2026, Defendant 160th Judicial District Court moved to dismiss the claims against it. *See* Dkt. No. 20.

And, on March 4, 2026, Defendants Robert Jenkins and Jenkins Court Receiver (collectively, "Jenkins") moved to dismiss for failure to state a claim. *See* Dkt. No. 22. And they joined Zwicker's motion to dismiss for lack of subject-matter jurisdiction [Dkt. No. 17]. *See* Dkt. No. 31.

The Court ordered briefing on the motions. *See* Dkt. Nos. 18 & 23.

Cavaness responded. *See* Dkt. No. 24. Zwicker and Jenkins replied. *See* Dkt. Nos. 25 & 32.

The Court then dismissed the claims against Defendants Capital One NA and Discover Bank without prejudice. *See* Dkt. No. 34.

For the reasons set out below, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motions to dismiss [Dkt. Nos. 17, 20, & 22] and dismiss the claims against the remaining Defendants for lack of subject-matter jurisdiction.

## Background

On or about November 6, 2023, Discover Bank, represented by Zwicker, filed a petition in state court against Cavaness, for breach of contract arising out of Cavaness's alleged failure to repay credit services rendered by Discover Bank. *See* Dkt. No. 3 at 10-12.

The 160th Judicial District Court entered judgment against Cavaness on March 10, 2025 and ordered that Discover Bank was entitled to recover damages, costs, and post-judgment interest from Cavaness in the amount of $5,248.61. *See id.* at 18-19, 24. And it appointed a court receiver to take possession of Cavaness's nonexempt property to satisfy the judgment. *See id.* at 24. Capital One became a successor by merger to Discover Bank. *See id.*

On October 6, 2025, Wells Fargo informed Cavaness that it "was served a garnishment order" from the receiver, Jenkins, "to freeze or remove money" in Cavaness's Wells Fargo account, at a maximum amount of $7,300.96. *Id.* at 20, 25. Wells Fargo informed Cavaness that the funds in that account were exempt from garnishment, *see id.* at 21, but that it had frozen $5,025.39 from his account ending

in 2802 for garnishment and charged him a $125 legal process fee, *see id.* at 31.

And, on October 10, 2025, Wells Fargo informed Cavaness that it had deducted another $25 from his account ending in 2802. *See id.* at 26.

On November 20, 2025, Cavaness filed this lawsuit against the 160th Judicial District Court, Jenkins, and Zwicker. *See id.* at 2. His complaint is based on the following allegations:

> The judge and the defendant knowingly proceeded without the debt validation of an agreement with signature and without the full history of debt requested of both.
>
> The judge and the defendant knowingly proceeded without the identity of the type of debt being pursued by the defendant: unsecured or secured.
>
> The type of debt being pursued by defendant is a[n] unsecured credit card debt.
>
> The judge and the defendant proceeded with the omission of evidences.
>
> The judge ordered the garnishment of my bank account which had my funds frozen causing damages and pain and suffering, depression, stressfulness. I am asking $120,000, for damages.

*Id.* at 7.

Based on these allegations, Cavaness appears to bring claims under the Fourth and Fourteenth Amendments and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g ("FDCPA"). *Id.* at 8.

## Legal Standards

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies

outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The Court must dismiss a complaint for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (cleaned up). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). The plaintiff must demonstrate standing for each claim and form of relief sought. *See DaimlerChrysler Corp. v. Duno*, 547 U.S. 332, 352 (2006) (noting that "our standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press" and that "[w]e have insisted ... that a plaintiff must demonstrate standing separately for each form of relief sought" (cleaned up)).

The United States Court of Appeals for the Fifth Circuit recognizes a

distinction between a "facial" attack to subject-matter jurisdiction, which is based only on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

But, on a factual attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523. "When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court must give the plaintiff an opportunity to be heard, particularly when disputed

factual issues are important to the motion's outcome. In some cases, an oral hearing may be indispensable due to the complicated factual disputes underlying the case." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012) (footnotes omitted). But "an oral hearing is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court." *Id.* at 319-20 (footnote omitted).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

"The existence of subject matter jurisdiction is determined at the time of removal." *In re Bissonnet Inv. LLC*, 320 F.3d 520, 525 (5th Cir. 2023). To make this determination, the Court considers the claims in the state court petition as they existed at the time of removal. *See Juanopulos v. Salus Claims Mgmt. LLC*, 518 F. Supp. 3d 973, 975 (S.D. Tex. 2021) (citing *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002)).

## Analysis

I.   **The Court should dismiss the claims against the 160th Judicial**

**District Court because it is immune from this lawsuit.**

"Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, F.3d 268, 274, 276 (5th Cir. 2020)).

That is, "'[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.' Texas has not consented by statute, and [42 U.S.C.] § 1983," for example, "does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014), then citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)). Courts in this circuit have also "decline[d] to hold that the FDCPA abrogates state immunity under the Eleventh Amendment." *Webb v. Tex. Higher Educ. Coordinating Bd.*, No. EP-14-cv-345-FM, 2014 WL 12594193, at *10 (W.D. Tex. Dec. 12, 2014).

And "the State of Texas has not waived its sovereign immunity for claims 'based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity.'" *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) (quoting TEX. CIV. PRAC. & REM. CODE § 101.053); *accord Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." (citing *Warnock v. Pecos Cnty., Tex.*, 88 F.3d

341, 343 (5th Cir. 1996))).

There is a "narrow exception ... that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). But this exception does not permit injunctions against state courts or their employees because "'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.'" *Id.* (quoting *Ex Parte Young*, 209 U.S. at 163).

And, so, Cavaness's constitutional and statutory claims against the 160th Judicial District Court – a court of the State of Texas – are barred by sovereign immunity under the Eleventh Amendment.

And, insofar as Cavaness attempts to sue the presiding state judge in the 160th Judicial District of Dallas County in her individual capacity, "a judge generally has absolute immunity from suits for damages." *Davis*, 565 F.3d at 221 (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)).

"Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 11 (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

> There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

*Id.*; *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court [employees] 'have

absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981))); *Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991) ("[T]he judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity." (citations omitted)).

Cavaness alleges no facts that could overcome judicial immunity for the judicial defendant.

And, so, his claims against the 160th Judicial District Court should be dismissed for lack of jurisdiction.

## II.    *Rooker-Feldman* Doctrine

Defendants also move to dismiss Cavaness's claims under Rule 12(b)(1) because his claims are barred by the *Rooker-Feldman* Doctrine. *See* Dkt. No. 17 at 2; Dkt. No. 31.

Only insofar as a state judicial proceeding has concluded, such that no appeal was pending when Cavaness filed this lawsuit, this federal district court lacks jurisdiction "to modify or reverse" a state proceeding under the *Rooker-Feldman* doctrine. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *accord Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994);

*see also Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) (noting that the doctrine prevents "thinly veiled attempt[s] to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders"); *but see Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

Cavaness challenges Zwicker's state court lawsuit on behalf of its clients Discover Bank and Capital One. *See* Dkt. No. 3 at 7. He challenges the 160th Judicial District Court's entry of judgment against him and the manner in which that court reached its decision. *See id.* He appears to challenge Jenkins' role in the procurement of his funds to satisfy the judgment. *See id.* And he seeks relief from the judgment by asking this Court to unfreeze his funds and for damages resulting from the garnishment of his bank account in satisfaction of the judgment. *See id.*

And, so, Cavaness's lawsuit amounts to nothing more than a collateral attack on a prior state judgment in violation of *Rooker-Feldman*. That he frames his claims under federal laws – such as the FDCPA and the Fourth and Fourteenth Amendments – does not allow Cavaness to sidestep this jurisdictional bar. *See Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) ("A plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'") (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); citation and internal quotation marks

omitted).

And, so, the Court should dismiss this lawsuit for lack of subject-matter jurisdiction.

## Recommendation

The Court should grant Defendants' motions to dismiss [Dkt. Nos. 17, 20, & 22] and dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 13, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 11 -